**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JUDY FULKERSON, | CASE NO. 1:19-cv-01180 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE DAVID A. RUIZ |
| UNUM LIFE INS. CO. of AMERICA, | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

**I. Procedural History**

On May 22, 2019, Plaintiff Judy Fulkerson ("Plaintiff") filed a complaint against Defendant Unum Life Insurance Company of America (hereafter "Defendant" or "Unum"). (R. 1). After receiving leave from the court, Plaintiff filed an Amended Complaint on August 26, 2019. (R. 14). Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1391(b). (R. 14, PageID# 89). Specifically, Plaintiff alleges that her son, Daniel Tymoc, had life insurance coverage issued by Unum that also included accidental death and dismemberment ("AD&D") coverage. *Id.* at PageID# 88. On or about July 7, 2017, Mr. Tymoc sustained fatal injuries while driving an automobile. *Id.* at PageID# 89. It is alleged that Plaintiff's claim for AD&D benefits under the policy was wrongfully denied by Unum both initially as well as after a number of appeals. *Id.* at

PageID# 92-95.

On July 30, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge. (R. 9). On October 1, 2019, the parties jointly moved the court to allow briefing on the issue of whether the "de novo" or "arbitrary and capricious" standard of review applies in this case. (R. 19). The court granted the motion, and the parties filed their respective briefs on the issue. (R. 21 & 22). Defendant also filed a reply brief. (R. 23). This matter is now ripe for the court's consideration.

## II. Law and Analysis

### A. Legal Standard

A challenge to a denial of benefits under ERISA "is to be reviewed under a *de novo* standard ***unless*** the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (emphasis added). Therefore, it is clear that the default standard of review is *de novo*, unless the insurer can show the plan expressly confers discretionary authority upon it. A denial of benefits is only reviewed under the arbitrary and capricious standard "[i]f the administrator or fiduciary can show it has such discretionary authority." *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013).

"The general principles of contract law dictate that we interpret the Plan's provisions according to their plain meaning, in an ordinary and popular sense," and this approach applies to the interpretation of ERISA contract provisions. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998). Further, a grant of "discretionary authority" does not hinge on the invocation of the word "discretion" or any other "magic word." *Id.* (citing *Johnson v. Eaton Corp.*, 970 F.2d 1569, 1572 n. 2 (6th Cir. 1992)) (quoting *Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1453 (D.C.

2

Cir. 1992) ("Rather, the Supreme Court directed lower courts to focus on the breadth of the administrators' power—their 'authority to determine eligibility for benefits or to construe the terms of the plan.'"). Nevertheless, the Sixth Circuit has observed that "[w]hile 'magic words' are unnecessary to vest discretion in the plan administrator and trigger the arbitrary and capricious standard of review, this circuit has consistently required that a plan contain 'a clear grant of discretion [to the administrator] to determine benefits or interpret the plan.'" Perez, 150 F.3d at 555 (quoting *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1373 (6th Cir. 1994)).

The Sixth Court of Appeals "has found 'satisfactory proof,' and similar phrases, [are] sufficiently clear to grant discretion to administrators and fiduciaries." *Frazier*, 725 F.3d at 567. Nevertheless, "[t]he requirement that the insured submit written proof of loss, without more, does not contain 'a clear grant of discretion [to Provident] to determine benefits or interpret the plan.'" *Hoover v. Provident Life & Acc. Ins. Co.*, 290 F.3d 801, 808 (6th Cir. 2002) (citing *Perez*, 150 F.3d at 557 (citations omitted)). The *Hoover* court held the *de novo* standard applies where the policy neither expressly states that the administrator has discretion over the determination of benefits, nor contains language requiring "satisfactory" proof. *Id.*; *accord Kaye v. Unum Grp./ Provident Life & Acc.*, No. 09-14873, 2012 WL 124845, at *5 (E.D. Mich. Jan. 17, 2012).

**B.     Policy Language**

The parties do not dispute that the following policy language governs Plaintiff's AD&D claim:

> ***WHAT INFORMATION IS NEEDED AS PROOF OF CLAIM?***
>
> If claim is based on death or other covered loss, proof of claim for death or covered loss, provided at your or your authorized representative's expense, must show:
>
> - the cause of death or covered loss;

> - the extent of the covered loss;
> - the date of covered loss; and
> - the name and address of any **hospital or institution** where treatment was received, including all attending **physicians**.
>
> Also, in case of death, a certified copy of the death certificate must be given to us.
>
> In some cases, you will be required to give Unum authorization to obtain additional medical and non-medical information as part of your proof of claim. Unum will deny your claim if the appropriate information is not submitted.

(R. 18-5, PageID# 960) (emphasis in original).[1]

**C. Application**

Defendant argues that the last sentence—"Unum will deny your claim if the appropriate information is not submitted"—is a clear grant of discretion and akin to the "due proof" and "satisfactory" evidence found sufficient by other court decisions to convey discretionary authority. (R. 21 & 23). Indeed, the Sixth Circuit has found policy language sufficient to confer discretion even if the policy language does not expressly state that the administrator has discretion over the determination of benefits:

> Numerous federal courts, including our own, have held that language similar to that contained in the Plan clearly grants discretion to the plan administrator. *Yeager*, 88 F.3d at 380–81 (claimant must submit "satisfactory proof of Total Disability to us"); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991) (disability determined "on the basis of medical evidence satisfactory to the Insurance Company"); *Snow v. Standard Ins. Co.*, 87 F.3d 327, 330 (9th Cir. 1996) (company must be presented with what it considers to be satisfactory proof of the claimed loss); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir. 1995) ("benefits will be payable only upon receipt by the Insurance Carrier or Company of ... due proof ... of such disability"); *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379 (7th Cir. 1994) ("[a]ll proof must be satisfactory to us"); *Bali v. Blue Cross & Blue Shield Ass'n*, 873 F.2d 1043, 1047 (7th Cir. 1989) (disability "determined on the basis of medical evidence satisfactory to the

---

[1] Defendant included only a single sentence of this particular provision in its brief—"Unum will deny your claim if the appropriate information is not submitted." (R. 21, PageID# 1014). The court cites the entire policy provision as the context within which the sentence appears is important.

> Committee"); *Caldwell v. Life Ins. Co. of North America*, 959 F. Supp. 1361, 1365 (D. Kan. 1997) (benefits paid upon receipt of "due proof" that employee is disabled); *Miller v. Auto–Alliance Int'l, Inc.*, 953 F. Supp. 172, 175 (E.D. Mich. 1997) (benefits paid "when [insurer] receive[s] notice and satisfactory proof of loss") (citing *Miller* and *Yeager, supra*); *Bollenbacher v. Helena Chem. Co.*, 926 F. Supp. 781, 786 (N.D. Ind. 1996) (benefits paid "[w]hen the Company receives proof that the individual is disabled"); *Scarinci v. Ciccia*, 880 F. Supp. 359, 361 (E.D. Pa. 1995) (to qualify for benefits, employee must "furnish certification satisfactory to the Company of disability")

*Perez*, 150 F.3d at 556.

Nevertheless, Defendant's position that the language in the policy before this court is similar to other policies that required "satisfactory" evidence and, therefore, conveyed discretion to the plan administrator, is not well taken. Because contract law dictates that the court interpret the Plan's provisions according to their plain meaning "in an ordinary and popular sense," the court declines to engage in the dictionary battle over the term "appropriate" as set forth in the parties' briefs. The *Hoover* decision held the *de novo* standard applies where the policy neither *expressly* states that the administrator has discretion over the determination of benefits nor contains language requiring "satisfactory" proof. The term "satisfactory" contains a subjective element and hence clearly connotes a degree of discretion. The language in the policy before this court does not and is ambiguous at best. Read in context, a reasonable interpretation is that it merely requires an insured making an AD&D coverage claim to submit the identified information and, "in some cases" provide Defendant with authorization so it can "obtain additional medical and non-medical information." (R. 18-5, PageID# 960). Thus, the plain meaning of the policy language can be construed as allowing Defendant to only deny a "claim if the appropriate information (*i.e.* the "information … needed as proof of claim") is not submitted." *Id*. While this is not the only plausible interpretation of the language, the default *de novo* standard applies ***unless*** the benefit plan gives Defendant discretionary authority. The policy

does not do so here.[2]

**2. Other Policy Terms**

Defendant also attempts to combine language, again without context, found elsewhere in the policy, but it is not persuasive. (R. 21, PageID# 1014). Defendant argued that policy language regarding "full and fair review" of appeals or identification of the "Plan provisions on which the denial is based" gave it discretionary authority to determine benefits or interpret the plan, but its reply brief appears to abandon the argument. (R. 23). In any event, those arguments are unpersuasive. As Plaintiff has pointed out, those policy provisions merely repeat nearly verbatim Defendant's statutory obligations under ERISA. (R. 22, PageID# 1046-1047). Indeed, ERISA requires that a denial must set forth "[t]he specific reason or reasons for the adverse determination;" which should make "[r]eference the specific plan provisions on which the determination is based." 29 C.F.R. § 2560.503-1(g)(i)-(ii). In the same vein, ERISA requires that reviews of adverse determinations must provide "a full and fair review." 29 C.F.R. § 2560.503-1(h)(1) & (2). Thus, inclusion of language setting forth Defendant's duties as required by ERISA is not pertinent to the issue of which standard of review applies.

Defendant also points to the appeal provisions of the policy that state Defendant "may require additional documents as it deems necessary or desirable in making such a review" and also mentions that, under the policy, Defendant had the ability to make changes to the Summary of Benefits. (R. 23, PageID# 1062, *citing* R. 18-5, PageID# 967, 995-997). Plaintiff counters

---

[2] In a decision decided nearly seventeen-years ago, Defendant Unum clearly drafted a policy where there was no ambiguity as to whether discretion had been conferred, and utilized the following policy language: "When making a benefits determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." *Allison v. UNUM Life Ins. Co. of Am.*, No. 01-CV-207(P)(M), 2003 WL 25720980, at *1 (N.D. Okla. Feb. 24, 2003), *aff'd,* 381 F.3d 1015 (10th Cir. 2004).

Defendant's reliance on the "additional documents" language, and argues that it simply allows Defendant to obtain additional information during an appeal and provides nothing about whether Defendant has discretion in actually deciding the claim or interpreting the terms of the policy or plan. (R. 22, PageID# 1047). Further, Plaintiff contends Defendant's ability to approve changes to the Summary of Benefits does not speak to the issue of whether Defendant has discretion with respect to benefits decisions or policy interpretation. *Id*. Defendant has not cited to any authority suggesting that its ability to request additional documentation during an appeal of an initially adverse decision or the ability to modify the Summary of Benefits has any bearing on the issue at hand. Defendant's argument with respect to these other policy provisions is unpersuasive.

**D. Discovery**

Plaintiff's brief asserts that if the *de novo* standard of review applies, "then Plaintiff agrees that the discovery she seeks is unnecessary." (R. 22, PageID# 1048). As the court has decided that the *de novo* standard applies, the court declines to address the discovery-related arguments in the parties' briefs as those issues are moot. In the event any discovery dispute arises, the parties should follow the procedures outlined in Local Rule 37.1 before bringing a dispute to the court's attention.

### III. Conclusion

After considering the arguments raised by the parties in their briefs, the court concludes that the *de novo* standard of review will apply to this case.

IT IS SO ORDERED.

s/ *David A. Ruiz*
United States Magistrate Judge

Date: February 26, 2020